IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALICIA R. WARNER,                            6:16-cv-00337-BR

       Plaintiff,                       OPINION AND ORDER

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

       Defendant.


**KATHERINE EITENMILLER**
**ROBERT A. BARON**
Harder Wells Baron & Manning, PC
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1011

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, who became Acting Commissioner of the Social Security Administration on January 23, 2017, is automatically substituted in place of Carolyn W. Colvin.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2495

>    Attorneys for Defendant

**BROWN, Judge.**

>    Plaintiff Alicia R. Warner seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

>    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

## ADMINISTRATIVE HISTORY

>    Plaintiff filed an application for SSI on January 27, 2012, and alleged a disability onset date of January 1, 1995. Tr. 19, 157.[2] Her application was denied initially and on

---

[2] Citations to the official transcript of record filed by the Commissioner on August 11, 2016, are referred to as "Tr."

reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 30, 2014. Tr. 40. At the hearing Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney.

On June 4, 2014, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 19-29. On December 23, 2015, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 16, 1976. Tr. 157. Plaintiff was 37 years old at the time of the hearing. Tr. 60, 312, 314. Plaintiff has a high-school diploma with some college education. Tr. 44, 179. Plaintiff does not have any past relevant work experience. Tr. 28.

Plaintiff alleges disability due to fibromyalgia, bipolar disorder, post-traumatic stress disorder, "[m]ild mental retardation," Asperger syndrome, anxiety and panic disorders, "chronic pain," "chronic fatigue," and scoliosis. Tr. 178.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 23-28.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence]

but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

5 - OPINION AND ORDER

impairments or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 27, 2012, Plaintiff's application date. Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of major depressive disorder, post-traumatic stress disorder, panic disorder, generalized anxiety disorder, attention-deficit hyperactivity disorder (ADHD), Asperger's disorder, bipolar disorder, lumbago, and bilateral knee

anthralgia.  Tr. 21-22.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 22-23.

The ALJ found Plaintiff has the RFC to perform medium work.  The ALJ found Plaintiff is able to lift 50 pounds occasionally and 25 pounds frequently; to stand or to walk for approximately six hours in an eight-hour workday; to perform "isolated work" that does not have any public contact, has only "incidental" contact with coworkers, does not involve "group tasks," and involves only occasional supervisor contact; and to perform a "low-stress job" that has only "occasional changes" in the work setting and work duties, involves only simple work-related decision-making, and does not include any production-line pace work.  Tr. 23.  The ALJ also stated Plaintiff should receive "verbal, rather than written instructions" and should have her supervisor "check in at the beginning of each shift to explain work assignments and answer questions."  Tr. 23-28.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work.  Tr. 28.

At Step Five, however, the ALJ found Plaintiff is capable of performing other jobs that exist in the national economy such as a "sweeper cleaner, industrial" and "mail clerk."  Tr. 28-29.

Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) discredited Plaintiff's testimony and (2) improperly discredited the opinions of Wayne Taubenfield, Ph.D., an examining psychologist, and Maggie Hadley, QMHP, Plaintiff's treating therapist.

### I. Plaintiff's Testimony

As noted, Plaintiff contends the ALJ erred when she discredited Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the

claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the April 30, 2014, hearing Plaintiff testified she did not believe she could work because she would "get distracted very easily and would not be able to stay focused on [her] task." Tr. 44-45. Aside from her attention and concentration problems, Plaintiff stated she does not have any other problems that would preclude simple work. Tr. 45. Plaintiff, however, also testified she suffers from anxiety and depression, but those conditions remain under control as long as she stays home and takes her medication. Tr. 48. Plaintiff stated, however, she suffers from panic attacks when she leaves her home. Tr. 48-49. Plaintiff also testified she gets headaches approximately once per week that last one day and cause her to have to stay in a dark room. Tr. 51.

Plaintiff testified she typically goes to sleep at approximately 5:00 p.m. and sleeps for 10-12 hours. Tr. 46. Plaintiff stated her hobbies include knitting, "coloring,"

playing video games, and cooking. Tr, 47.

In her Adult Function Report dated March 21, 2012, Plaintiff reported pain from fibromyalgia limits her abilities to sit, stand, walk, lift, or carry; her ADHD, bipolar disorder, and Asperger disorder limit her ability to "concentrate and interact with others"; and her fatigue limits her abilities to do physical activity, interact socially, remember, and maintain concentration. Tr. 188. Plaintiff reported she occasionally suffers from dizziness that prevents her from taking a shower, and on some days her fibromyalgia pain prevents her from brushing her hair. Tr. 190. Plaintiff indicated she primarily travels by walking, getting rides from friends or family members, or riding a bicycle, but she does not drive for "fear of getting lost." Tr. 191. Plaintiff stated she goes to the library, grocery store, and medical appointments on a regular basis. Tr. 192.

Plaintiff reported she does not have difficulty getting along with others, but she, nonetheless, avoids social interactions. Tr. 193. Plaintiff indicated her conditions affect her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, complete tasks, concentrate, understand, follow instructions, and use her hands. Tr. 193. Plaintiff reported she could only sit for five minutes at a time and walk or stand for 10 minutes at a time. Tr. 193. Plaintiff stated she can only pay attention for one-to-five minutes at a

time and even though she does not follow spoken instructions well due to "memory issues," she follows written instructions well as long as she does not "lose [her] place." Tr. 193. Plaintiff stated these limitations began in her childhood. Tr. 190, 193.

The ALJ discredited Plaintiff's testimony on the grounds that it was inconsistent with the medical record and her activities of daily living and the record contains evidence that Plaintiff sought medical treatment for the secondary-gain purpose of obtaining disability benefits.

The ALJ incorrectly found "evidence from vocational rehabilitation shows no significant barrier to working other than having a loud tone of voice." Tr. 24. Plaintiff's vocational rehabilitation record was closed in 2005 because Plaintiff's disabilities were assessed to be "too severe," and vocational rehabilitation records indicated Plaintiff showed deficits in stamina and her abilities to stay on task and to maintain motivation that are consistent with Plaintiff's testimony. Tr. 285-88. Moreover, the medical record as a whole reveals Plaintiff was repeatedly assessed to have limitations in concentration and attention consistent with Plaintiff's allegations. *See, e.g.*, Tr. 272 (although some testing indicates Plaintiff had only "mild impairment in attention and concentration," other testing indicates "serious impairment"); Tr. 295 (testing indicates Plaintiff has attention and

concentration difficulties that ranges from "the low end of the average range" to "very strongly suggestive of a clinical attention problem"); Tr. 475 (Plaintiff has "poor concentration" and Plaintiff "learns more slowly, has problems organizing and completing tasks and has troubles concentrating"); Tr. 648-49 (same). Moreover, the ALJ incorrectly found Plaintiff's repeated reports to mental-health treatment providers that her anxiety and depression medication was working were inconsistent with her testimony. As noted, however, Plaintiff stated her anxiety and depression were stable as long as she took her medication and maintained her daily routine. Tr. 48.

As noted, the ALJ also discredited Plaintiff's testimony because it was inconsistent with her reported activities of daily living, including Plaintiff's abilities to cook, to clean her house, to care for her cat, to walk, and to ride her bicycle. These activities, however, do not directly contradict any significant portion of Plaintiff's testimony and are not so extensive that they suggest Plaintiff is, in fact, capable of full-time employment. *See Molina*, 674 F.3d at 1112.

Finally, although there is modest evidence in the record from which the ALJ could infer Plaintiff sought mental-health treatment in part due to her desire to obtain disability benefits (Tr. 408), such references in the record are sparse and do not constitute a clear and convincing reason for rejecting

13 - OPINION AND ORDER

Plaintiff's testimony.

Accordingly, on this record the Court concludes the ALJ erred when she discredited Plaintiff's testimony because she did not provide legally sufficient reasons for doing so.

## II. ALJ's Consideration of the Medical Testimony

Plaintiff contends the ALJ erred when she discredited the opinions of Dr. Taubenfield, an examining psychologist, and QMHP Hadley, Plaintiff's treating therapist.

### A. Dr. Taubenfield's Opinion

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 821, 830-31 (9th Cir. 2010)(quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a treating physician is "given greater weight than the opinions of other physicians." *Kelly v. Astrue*, 471 F. App'x 674, 676 (9th Cir. 2012)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996)).

A nonexamining physician is one who neither examines nor

treats the claimant.  *Lester*, 81 F.3d at 830.  *See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Taylor,* 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831).  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so with specific and legitimate reasons supported by substantial evidence.  *See, e.g.*, *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Dr. Taubenfield conducted an extensive neuropsychological examination of Plaintiff on September 27, 2013.  Tr. 467-88.  After that examination, Dr. Taubenfield assessed Plaintiff would have "[l]imited task sequence recall ability," "[s]ignificantly reduced work speed," a possible inability to process complex information, insufficient "emotional stamina to perform essential functions of job," and a possible inability "to sustain attention sufficient to perform essential functions of job."  Tr. 483.

The ALJ gave Dr. Taubenfield's opinion "little weight" because the ALJ found Dr. Taubenfield's conclusions were inconsistent with his findings during testing, and his findings related to Plaintiff's social limitations were inconsistent with

15 - OPINION AND ORDER

the record as a whole, including Plaintiff's testimony and the medical record. Tr. 26-27.

The ALJ, however, was incorrect that Dr. Taubenfield's conclusions were inconsistent with his testing. Indeed, throughout the testing Dr. Taubenfield noted difficulties with Plaintiff's concentration, attention, and distractibility. Tr. 472, 474-76. Moreover, Dr. Taubenfield's testing indicated significant limitations in Plaintiff's emotional and social functioning. Tr. 476-80.

As to the ALJ's second criticism of Dr. Taubenfield's opinion, the ALJ was also incorrect when she found the record did not demonstrate Plaintiff has emotional or social limitations. *See, e.g.*, Tr. 193 (Plaintiff reports she does not have a problem getting along with others, but she avoids social interaction); Tr. 264 (Plaintiff found to be "very socially avoidant and isolated"). Moreover, the record is replete with Plaintiff seeking counseling to address her social and emotional limitations. Tr. 316-429, 491-589.

Accordingly, on this record the Court concludes the ALJ erred when he discredited the opinion of Dr. Taubenfield because she failed to provide legally sufficient reasons for doing so.

**B. QMHP Hadley's Opinion**

Plaintiff next contends the ALJ erred when she discredited the opinion of QMHP Hadley, Plaintiff's treating therapist.

16 - OPINION AND ORDER

Under the regulations in place at the time that Plaintiff filed her disability applications and at the time when the Commissioner rendered her final decision, the Social Security Administration regulations separated medial opinions into two types: those from "acceptable medical sources" and those from "other sources." *See Molina*, 674 F.3d at 1111. Only "licensed physicians and certain other qualified specialists" such as licensed or certified psychologists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources." *Id.* In general "[i]n order to reject the testimony of a medically acceptable treating source, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record." *Id.* On the other hand the ALJ may "discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Id.* (quoting *Turner v. Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)). The parties agree QMHP Hadley, a qualified mental-health provider, is an "other source," and, therefore, to discredit her testimony the ALJ was required to provide reasons germane to her opinion.

QMHP Hadley's opinion was brief and simply stated she concurred with Dr. Taubenfield's assessment and believed Plaintiff would be unable to maintain a regular work schedule for more than four days per month. Tr. 643-44.

17 - OPINION AND ORDER

The ALJ gave "little weight" to QMHP Hadley's opinion because it was presented as a check-the-box form without any explanation for the underlying opinion and QMHP Hadley's conclusions were inconsistent with her treatment records and Dr. Taubenfield's testing.

The ALJ was correct that QMHP Hadley's opinion is of little independent value because it is a very brief, check-the-box form without any underlying explanation. That is a germane reason to discredit QMHP Hadley's opinion.

Accordingly, on this record the Court concludes the ALJ did not err when she discredited QMHP Hadley's opinion because the ALJ provided legally sufficient reasons for doing so.

**IV.  Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).  The court may not award benefits punitively and must conduct a "credit-as-true" analysis

18 - OPINION AND ORDER

to determine whether a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not any outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited.

*Id.* When the reviewing court finds the elements of the "credit-as-true" rule have been satisfied, however, the court may only remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

As noted, the ALJ provided legally insufficient reasons for rejecting Plaintiff's testimony as well as the opinion of Dr. Taubenfield. The Court concludes there are not any outstanding issues that must resolved before a determination of disability can be made and it is clear from the record that the ALJ would be required to find Plaintiff disabled if Plaintiff's testimony and the opinion of Dr. Taubenfield were credited. *See Strauss*, 635 F.3d at 1138. Moreover, after a review of the record as a whole, the Court does not find any basis to have "serious doubt that the claimant is, in fact, disabled." *See*

19 - OPINION AND ORDER

*Garrison*, 759 F.3d at 1021. Accordingly, the Court credits the testimony of Plaintiff and Dr. Taubenfield as true and, therefore, remands this matter to the Commissioner for an immediate calculation of benefits.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 19th day of May, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge